

2004 NOV 17  PM 4: 14

___ DCX
___ DT. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20490-CR-COOKE
Magistrate Judge McAliley

UNITED STATES OF AMERICA

v.

RICARDO KNIGHT

_____/

### GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America respectfully submits the following supplemental authority in connection with its response opposing defendant Ricardo Knight's motion to dismiss:

In United States v. Christiana Phillip, Case No. 04-80103-CR-DIMITROULEAS (S.D. Fla.), the defendant was charged in a single count with violation of Title 18, United States Code, Section 611. That defendant, like defendant Knight, moved to dismiss the indictment on the grounds that Section 611 failed to specify mens rea. A copy of that defendant's motion is attached. The Honorable William P. Dimitrouleas denied the motion to dismiss, ruling from the bench that Section 611 is a general intent crime which did not

violate due process for failing to state <u>mens</u> <u>rea</u>.  A copy of the order denying the motion to dismiss is attached.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:

KAREN E. ROCHLIN
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street
Miami, Florida  33132
(305) 961-9234
(305) 536-4675 (fax)
Court I.D. No. A5500050

2

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by mail this 17th day of November, 2004 on Shereen J. Charlick, AFPD, 150 West Flagler Street, Suite 1700, Miami, Florida 33130.

KAREN E. ROCHLIN

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80103-CR-DIMITROULEAS/TORRES

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTIANA PHILLIP,

Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Ms. Christiana Phillip, by and through undersigned counsel, hereby files her Motion To Dismiss Indictment, and states as follows:

1. The government has moved in limine to preclude the defendant from offering any evidence or argument that she made a mistake by voting, or that she voted because she was erroneously led to believe by others that she was eligible to vote. In her Response to the motion the defendant has asked the Court to reject the government's argument. However, in the event that the Court seeks to adopt the government's interpretation of section 611, the defendant would move to dismiss the indictment because such an interpretation would render the statute unconstitutionally overbroad.

2. As a practical matter, the government's argument, if adopted, would subject the defendant to strict liability for violating 18 U.S.C. § 611. That is because the government argument would mean that a person, irrespective of their intent, who voted in an election while an alien is guilty of violating § 611.

3. If the Court adopts the government argument, such a construction of the statute would

render the statute overbroad. The deliberate and complete absence of any mens rea would be fatal to this criminal statute and this Court must strike it down. Statutes which lack all mens rea are universally disfavored in criminal law. *Liparota v. United States*, 471 U.S. 419 (1985); *United States v. United States Gypsum Co*, 438 U.S. 422, 438 (1978).

4.     Because "[t]he general rule is that criminal statutes do not impose strict liability," and because [t]he existence of mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence," the statute has to be construed "with the general presumption that the defendant must know the facts that make his conduct illegal." *United States v. Pasillas-Gaytan*, 192 F.3d 864, 868 (9th Cir. 1999).

5.     To read the statute as the government wishes would render 18 U.S.C. § 611 overbroad – those people who reasonably and even unreasonably do not know they are aliens, either due to errors in the naturalization process, errors in adoption proceedings, lack of knowledge about their parents' origins, mental retardation, or for any myriad of other reasons, are guilty of this crime. Those people who do not know that as an alien, they cannot vote,[1] are guilty of this statute. Voting is not only an intrinsically "innocent" act but something which our society believes is an obligation, something one should do as a civic duty. As drafted by Congress, this statute fails to comport with the standards set forth in *Morissette v. United States*, 342 U.S. 246 (1952); *Liparota v. United States*, 471 U.S. 419 (1985); *Staples v. United States*, 511 U.S. 600 (1994); and *United States v. X-Citement Video*, 513 U.S. 64 (1994).

6.     In sum, title 18 U.S.C. § 611 which criminalizes otherwise innocent activity without any mens rea whatsoever is overbroad and violates due process principles.

---

[1] After all, many aliens pay taxes, have driver's licenses, social security numbers, serve in the military, obtain business licenses, and have all the other trappings associated with the benefits and burdens of an American citizen.

2

WHEREFORE the defendant prays that this Court grant this motion and dismiss the indictment.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
400 Australian Ave., N., Ste. 300
West Palm Beach, FL 33401
Telephone: (561) 833-6288/833-0368(fax)
*Email: Martin_Bidwill@fd.org*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this motion was faxed to Assistant United States Attorney Karen Rochlin this _____ day of November, 2004.

_____

Martin J. Bidwill

3

## FAX BACK COVER SHEET

**MARTIN J. BIDWILL, AFPD**
Federal Public Defender
400 Australian Avenue N.
Suite 300
West Palm Beach, FL 33401
Telephone: (561) 833-6288
Fax: (561) 833-0368

**KAREN ROCHLIN, AUSA**
U.S. Attorney's Office
500 East Broward Boulevard
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7336

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  04-80103-CR-DIMITROULEAS

Plaintiff,

vs.

CHRISTIANA PHILLIP,

Defendant.

_____/



FILED by _____ D.C.

NOV 16 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## O R D E R

THIS MATTER came before the Court upon the Defendant's November 12, 2004 Motion To Dismiss [DE-30] and the Court having considered the Government's November 12, 2004 Response [DE-32] and having heard arguments on November 15, 2004, and being otherwise fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss is hereby Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of November, 2004.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Martin J. Bidwell, AFPD
Karen Rochlin, AUSA