# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

August 01, 2007

Clarence  Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI  FL  33128-7788



**Appeal Number: 05-14537-II**
Case Style: USA v. Ricardo Knight
District Court Number:  04-20490 CR-MGC

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: seven volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 05-14537

District Court Docket No.
04-20490-CR-MGC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 3, 2007

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO KNIGHT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
AUG 0 1 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     July 3, 2007
For the Court:   Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo KNIGHT, Defendant–Appellant.

No. 05–14537.

United States Court of Appeals,
Eleventh Circuit.

July 3, 2007.

**Background:** Defendant, an alien resident of the United States, was convicted in the United States District Court for the Southern District of Florida, No. 04-20490-CR-MGC, Richard W. Goldberg, J., of improperly voting in a federal election. Defendant appealed.

**Holdings:** The Court of Appeals, Siler, Circuit Judge, sitting by designation, held that:

(1) Congress's deliberate omission of a mens rea from the statute generally prohibiting aliens from voting in federal elections did not violate defendant's due process rights;

(2) the statute in question is a general intent crime; and

(3) the grand jury instructions did not violate defendant's Fifth Amendment rights.

Affirmed.

**1. Criminal Law ⚖=1139**

Court of Appeals reviews a challenge to the constitutionality of a statute de novo.

**2. Criminal Law ⚖=1139**

Constitutionality of grand jury instructions presents a question of law, which the Court of Appeals reviews de novo.

**3. Criminal Law ⚖=21**

Some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.

**4. Criminal Law ⚖=21**

Where adverbs such as "intentional," "knowing," or "willful" have been omitted from a criminal statute, the court is to presume that Congress legislated against the background of the country's traditional legal concepts which render intent a critical factor.

**5. Criminal Law ⚖=21**

Court of Appeals may read a state-of-mind component into an offense even when the statutory definition did not in its terms so provide.

**6. Criminal Law ⚖=20**

Existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.

**7. Aliens, Immigration, and Citizenship ⚖=770**

**Constitutional Law ⚖=4509(1)**

Congress's deliberate omission of a mens rea from the statute generally prohibiting aliens from voting in federal elections did not violate defendant's due process rights. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. § 611.

**8. Aliens, Immigration, and Citizenship ⚖=769**

Statute generally prohibiting aliens from voting in federal elections is a general intent crime; although Congress was silent as to intent, a specific intent mens rea did not have to be read into the statute in order to properly separate wrongful conduct from innocent

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2007 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

2741                                           U.S. v. KNIGHT

conduct, because, as a general intent crime, the government still had to prove that a defendant knowingly engaged in the conduct prohibited by the statute. 18 U.S.C.A. § 611.

**9. Grand Jury ⊙23**

Grand jury instructions, which explained that a magistrate judge had held a preliminary hearing to determine probable cause and that the jurors would perform a disservice if they did not indict where the evidence justified an indictment, did not violate defendant's Fifth Amendment rights; grand jury could easily understand that it was independent from the court and could indict or not based upon the evidence. U.S.C.A. Const. Amend. 5.

———————

Appeal from the United States District Court for the Southern District of Florida.

Before TJOFLAT, FAY and SILER,* Circuit Judges.

SILER, Circuit Judge:

Ricardo Knight, an alien resident of the United States, appeals his conviction for improperly voting in a federal election, in violation of 18 U.S.C. § 611(a), a misdemeanor. Knight contends that § 611 is unconstitutional because it fails to incorporate a mens rea, and the district court improperly incorporated a general intent mens rea into the offense. Additionally, Knight argues that the instructions given to the grand jury that indicted him violated the Fifth Amendment. Because Knight's arguments lack merit, we AFFIRM.

———————
* The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by

### I.  BACKGROUND

Knight is a 32–year–old native of Jamaica. He came to the United States as a minor with his parents. At sixteen, he became a legal permanent resident of the United States.

In 1995, at the age of 22, Knight registered to vote in the United States, stating under oath that he was a United States citizen. In 1997, he filed a petition to become a United States citizen. That same year, he requested a replacement voter's registration card. On his signed application for the replacement card was the question, "Are you a U.S. citizen?" Beside the question were two boxes, one for "yes" and another for "no." The "no" box had a check mark in it that had been crossed through, and the "yes" box contained an unblemished check mark.

In 2000, Knight voted in the United States presidential election. The next year, immigration officials interviewed him in connection with his citizenship application. He stated that he had registered to vote and had voted in a federal election. He also told the immigration officials that he had never claimed to be a United States citizen. When asked why he had registered and voted as a non-citizen, Knight stated that he did not know that he had to be a United States citizen to register and vote.

Knight was later indicted by a federal grand jury for improperly voting in a federal election based on his alienage, in violation of § 611. Prior to trial, Knight moved to dismiss the indictment by challenging the instructions given to the grand jury. The district court denied the motion, and the case proceeded to trial. Knight was convicted of

designation.

violating § 611 and was sentenced to one year of probation.

## II.  STANDARD OF REVIEW

**[1, 2]**  We review a challenge to the constitutionality of a statute de novo.  *United States v. Ballinger*, 395 F.3d 1218, 1225 (11th Cir.2005).  The constitutionality of the grand jury instructions present a question of law, which we also review de novo.  *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 873 (11th Cir.2005).

## III.  ANALYSIS

*1.  Constitutionality of § 611*

Title 18, United States Code, § 611(a), provides that:

> It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, unless—
>
> > (1) the election is held partly for some other purpose;
> >
> > (2) aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance; and
> >
> > (3) voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.

Knight argues that § 611 violates his constitutional right to due process because it is both overbroad and impermissibly vague.

He contends that it criminalizes two innocent acts, being an alien and voting, excluding any attendant mens rea.  In his view, the statute demonstrates Congress's deliberate omission of a mens rea, and therefore, this court is prevented from reading an implied mens rea into the statute.  Knight goes on to argue that even if the court does incorporate a mens rea into the statute, it would have to be a specific intent crime in order to properly separate wrongful conduct from innocent conduct.  We reject these arguments.

**[3–7]**  Section 611 is a constitutional general intent crime.  "Some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime."  *Staples v. United States*, 511 U.S. 600, 605, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).  The text of § 611 does not use the language typically associated with the creation of a specific or general intent offense because it does not utilize adverbs such as "intentional," "knowing," or "willful."  *See Morissette v. United States*, 342 U.S. 246, 264, 72 S.Ct. 240, 96 L.Ed. 288 (1952).  Given this omission, we are to presume that Congress "legislated against the background of our traditional legal concepts which render intent a critical factor."  *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 437, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978).  This court may "read a state-of-mind component into an offense even when the statutory definition did not in its terms so provide."  *Staples*, 511 U.S. at 605, 114 S.Ct. 1793.  The existence of a mens rea is "the rule of, rather than the exception to, the principles of Anglo–American criminal jurisprudence."  *Gypsum*, 438 U.S. at 437–38, 98 S.Ct. 2864.  Therefore, Knight's due process rights were not violated by a deliberate omission of a mens rea by Congress.

2743                                    U.S. v. KNIGHT

**[8]**  We must now determine the appropriate mens rea to read into § 611. *United States v. Henry*, 111 F.3d 111, 113 (11th Cir.1997) ("where a statute is silent as to intent, it becomes a question of legislative intent to be construed by the court"). Section 611 is a general intent crime. In *Henry*, we found that an immigration statute, which was silent as to intent, was a general intent crime. *Id.*

While Knight maintains that we must read a specific intent mens rea into § 611 in order to properly separate wrongful conduct from innocent conduct, a general intent requirement satisfies this goal. *See Staples*, 511 U.S. at 610, 114 S.Ct. 1793. As a general intent crime, the government must still prove that the defendant knowingly engaged in the conduct prohibited by § 611. *See United States v. Phillips*, 19 F.3d 1565, 1576 (11th Cir.1994). This is sufficient to separate proper conduct from improper actions.

The district court found § 611 to be a constitutionally-sound general intent offense. We agree. Thus, we affirm the district court on the statutory claim.

### 2.  *Constitutionality of the Grand Jury Instructions*

**[9]**  The portions of the grand jury instructions that Knight challenges are as follows:

> The case that comes before you will arise in various ways. Frequently suspects are arrested on the scene, so to speak, during or shortly after an alleged crime is committed. They are taken before a judicial officer known as a magistrate judge before you become involved in the case. The United States magistrate judge holds a preliminary hearing to determine whether there is probable cause to believe that a crime was committed and that the accused committed it. If the magistrate judge finds such probable cause, the accused will be held for the action of the Grand Jury so that you can consider whether probable cause exists and an indictment should be issued.

* * *

> While you would perform a disservice if you did not indict where the evidence justifies an indictment, you would violate your oath if you merely rubber stamped the indictment brought before you by the government representatives.

These instructions were based upon the Model Jury Instructions.[1]

Knight argues that his Fifth Amendment rights were violated because the instructions improperly limited the grand jury's duty to determine probable cause and deprived the grand jury of the option not to indict. Specifically, he contends the instructions were improper in two ways. First, the instructions implied to the grand jury that a federal magistrate judge had already determined probable cause. Second, the instructions essentially prohibited the grand jury from withholding an indictment where the evidence might support it. Knight contends that these two errors taken together de-

---

1. The Model Instructions are as follows:
   You cannot judge the wisdom of the criminal laws enacted by Congress, that is, whether or not there should or should not be a federal law designating certain activity as criminal. That is to be determined by Congress and not by you. (The "wisdom of the law" instruction).

   Furthermore, when deciding whether or not to indict, you should not be concerned about punishment in the event of conviction. Judges alone determine punishment. (The "punishment" instruction).

prived him of an independent grand jury. These arguments are meritless.

In *United States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir.2005) (en banc), the court considered the model jury instructions and upheld them as constitutional. *Id.* at 1208. The Ninth Circuit concluded that there was no constitutional violation in instructing jurors that they could not question the wisdom of the law, or that the jurors should, rather than could, indict if sufficient evidence was presented. *Id.*

We follow *Navarro-Vargas* because its reasoning is sound. The grand jury instructions in this case are significantly similar to the *Navarro-Vargas* instructions. The grand jury could easily understand it was independent from the court and could indict or not based upon the evidence. Thus, there was no constitutional violation in the grand jury instructions in this case.

## IV.  CONCLUSION

Section 611 is a general intent crime. It is not unconstitutional merely because the congressional drafters did not specifically articulate a mens rea. There was also no constitutional violation in the grand jury instructions.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia